*332 Tlie opinion of the Court was delivered by
Poüiié, J.
Plaintiff enjoined tlie execution of a judgment against him in favor of John Chaffe & Sons, on the grounds that the property seized is exempt from seizure as his homestead, under the provisions of Art. 645 of the Code, of Practice.
The. answer is a general denial, coupled with a prayer for' damages, and this appeal is taken from a judgment in favor of plaintiff.
Among other obstacles thrown in plaintiff’s way, to retain as a homestead tlie property seized, it is contended that the property is an urban estate, and as such, not subject, to the operation of the homestead Act of 1865.
It is obvious that plaintiff’s claim to a homestead in this case must be tested under the provisions of the homestead law of 1865, and not under the provisions of the present Constitution on the subject of homesteads and exemi>tions, for the plain reason that the judgment in execution was concluded in 1877, and that homestead law cannot affect contracts or obligations entered into anterior to the passage of such laws. Mills vs. Sheriff, 25 A. 336; Roupe vs. Carradine, 20 A. 244.
Any difficulty which might be suggested on this question, has been fully met and. overcome by the following provision in Art. 220, of the. present Constitution, which stipulates that, “ Rights to homesteads or exemptions, under laws or contracts, or for debts existing at the time of the adoption of this Constitution, shall not be impaired, repealed or affected by any provision of this Constitution, or any laws passed in pursuance thereof.”
This language has already received judicial interpretation, and was held to mean that parties claiming homesteads or exemptions against the enforcement of contracts or obligations entered into prior to the adoption of the present Constitution, must litigate their rights under the homestead law of 1865. Gilmer vs. O’Neal, 32 A. 982.
This construction could not be resisted by plaintiff, who does not even allege, and much less prove, a registry of liis homestead claim, as required by the Constitution of 1879, and the homestead Act of 1880, a state of facts which would be absolutely fatal to his pretensions to a homestead, under those laws.
Now, the most distinguishing feature between the homestead law of 1865, and that provided for in the Constitution of 1879, is that the former law applied only to rural estates, and not to urban property, and that the Constitution of 1879, extends the benefit of homestead exemptions to both rural and urban estates.
The property claimed as a homestead in this case, is described in plaintiff’s petition as: “A tract of land situated in Square No. Two, * * * town of Covington, (an incorporated town) commencing at *333 the corner of Vermont and Rutland streets, etc., measuring 180feet, by 120 feet, and containing lots 5, 6 and 7 of said square, * * * together with all tlie buildings and improvements tliereon.”
Hence, under plaintiff’s own sworn allegations, it is absolutely certain that he claims herein, as his homestead, a piece of town or urban property.
Under repeated adjudications of this Court, the question that such property is not exempt as a homestead, under the law of 1865, has long -since been removed beyond the domain of discussion, and is .settled adversely to plaintiff in this case. 25 A. 219, Crilly vs. Sheriff, et al.; 26 A. 645, Hargrove vs. Flournoy; 28 A. 575, Roberts vs. Gordy; 31 A. 375, Singletary vs. Singletary.
Our conclusion is that plaintiff, has utterly failed to make out a case in his claim for a homestead exemption, and that the judgment of the lower court is erroneous.
As the record contains no evidence on the question of the damages claimed by defendants, we can allow none, and shall reserve their rights to demand damages in a separate action.
It is therefore ordered, that the judgment appealed from be annulled, avoided and reversed, and it is now ordered, adjudged and decreed, that plaintiff’s injunction be dissolved, and bis action dismissed at Ms costs in both Courts, and that the right of defendants to sue for damages, on account of the injunction herein, be reserved to them.